**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY W. COFIELD,
             Appellant,

DOCKET NUMBER
SF-0752-14-0114-B-1

             v.

DEPARTMENT OF DEFENSE,
             Agency.

DATE: December 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gregory W. Cofield, Fairfield, California, pro se.

Stacey Turner Stokes, Esquire, Fort Lee, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand compliance initial decision, which denied his petition for enforcement of a settlement agreement resolving his removal appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the remand compliance initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant filed a Board appeal challenging his removal from his position as a part-time Store Associate.  *Cofield v. Department of Defense*, MSPB Docket No. SF-0752-14-0114-I-1, Initial Appeal File (IAF), Tab 1 at 3, 8, Tab 6 at 14.  While that appeal was pending, the parties executed a settlement agreement, pursuant to which the agency agreed, among other things, to rescind the removal action and reinstate the appellant.  IAF, Tab 11.  The administrative judge found that the agreement appeared lawful on its face, that the parties indicated that they understood the terms of the agreement, that it was freely reached, and that the parties wanted it entered into the record for enforcement by the Board.  IAF, Tab 12, Initial Decision (ID) at 1.  Accordingly, the administrative judge dismissed the removal appeal and retained jurisdiction to enforce the terms of the agreement.  ID at 1-2.

¶3     Thereafter, the appellant filed a petition for enforcement, alleging, among other things, that the agency breached the settlement agreement when his supervisor (S.B.) harassed him, treated him with hostility upon his reinstatement, and made multiple changes to his work schedule.  *Cofield v. Department of*

*Defense*, MSPB Docket No. SF-0752-14-0114-C-1, Compliance File (CF), Tab 1 at 4-8. The administrative judge denied the petition for enforcement, and the appellant filed a petition for review of that compliance initial decision. CF, Tab 8, Compliance Initial Decision (CID); *Cofield v. Department of Defense*, MSPB Docket No. SF-0752-14-0114-C-1, Compliance Petition for Review (CPFR) File, Tab 1. In a Remand Order, the Board affirmed the administrative judge's finding that the agency did not breach an express term of the settlement agreement, vacated the administrative judge's finding that the appellant failed to establish bad faith in implementing the reinstatement provision of the settlement agreement, and remanded the appellant's petition for enforcement for further adjudication. *Cofield v. Department of Defense*, MSPB Docket No. SF-0752-14-0114-C-1, Remand Order (Feb. 24, 2015) (Remand Order) at 8-11.

¶4      On remand, after the parties submitted additional evidence and argument, the administrative judge issued a remand compliance initial decision denying the petition for enforcement, finding that the appellant had failed to establish that the agency breached the settlement agreement by implementing the reinstatement term in bad faith. *Cofield v. Department of Defense*, MSPB Docket No. SF-0752-14-0114-B-1, Remand Compliance File (RCF), Tabs 7, 9-11, Tab 12, Remand Compliance Initial Decision (RCID). She found that the appellant was treated consistent with other employees concerning changes to his schedule.[2] RCID at 4-6, 8. The administrative judge further found that, although the evidence established that there was friction and unpleasantness between the appellant and S.B.,[3] the appellant failed to establish that the agency breached the reinstatement

---

[2] On review, the appellant has not challenged this finding, and we discern no basis to disturb the finding on review. *See Cofield v. Department of Defense*, MSPB Docket No. SF-0752-14-0114-B-1, Remand Compliance Petition for Review (RCPFR) File, Tabs 1, 4.

[3] The appellant transferred to a new department in April 2015, approximately 1 year after his reinstatement. RCF, Tab 10 at 6-7. The administrative judge found that once the appellant transferred departments, S.B. became his former supervisor. RCID at 8.

term of the settlement agreement by engaging in post-settlement retaliation and harassment.  RCID at 5-8.

¶5      The appellant has filed a timely petition for review of the remand compliance initial decision.  *Cofield v. Department of Defense*, MSPB Docket No. SF-0752-14-0114-B-1, Remand Compliance Petition for Review (RCPFR) File, Tab 1.  The agency has filed a response,[4] and the appellant has replied.  RCPFR File, Tabs 3-4.[5]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      On review, the appellant argues that affidavits from coworkers[6] that he submitted below established that S.B. subjected him to a hostile work environment, which he contends constituted bad faith in implementing the reinstatement term of the settlement agreement.  RCPFR File, Tab 1 at 8-14, Tab 4 at 5-7, 10-11.  Specifically, the appellant contends that the affidavits established that:  (1) S.B. yelled at him on one occasion when he asked to change his schedule; (2) S.B. would time him obsessively when he was on breaks or away

---

However, the record reflects that after the appellant's transfer, S.B. retained some shared supervisory responsibilities for the appellant.  RCF, Tab 10 at 28.

[4] In response to the petition for review, the agency argues that it did not agree to reinstate the appellant to the same work schedule that he was assigned prior to his removal.  RCPFR File, Tab 3 at 5-6.  The appellant did not raise this issue on review, and in the Remand Order, we previously held that the settlement agreement did not require the agency to assign the appellant the same work schedule that he was assigned prior to his removal.  RCPFR File, Tab 1; Remand Order at 5-6.

[5] On November 17, 2015, the appellant submitted a pleading titled "Additional Information Submitted by Appellant Regarding Annual Performance Evaluation." RCPFR File, Tab 6.  Because the record in this matter had already closed upon the expiration of the period for filing the reply to the response to the petition for review, *see* 5 C.F.R. § 1201.114(k), and because the appellant did not comply with the Board's regulation that required him to file a motion and obtain leave to submit an additional pleading, *see* 5 C.F.R. § 1201.114(a)(5), we have not considered this pleading on review.

[6] One of these coworkers was an Assistant Supervisory Story Associate, and appears to have had some supervisory responsibilities for the appellant.  RCF, Tab 7 at 11-13.

from his station, and supervise him more closely than other employees; (3) S.B. refused to send other employees to assist him when he worked at the self-checkout; (4) S.B. stated that he was lazy and made other negative comments about him; (5) S.B. unfairly criticized him for accepting a coupon; and (6) S.B. spoke to others in her "native language" on occasion so that he could not understand her. RCPFR File, Tab 1 at 8-12, Tab 4 at 5-7; RCF, Tab 7 at 15-17, 20-21, 24, Tab 9 at 8.

¶7        To establish that the agency breached the implied covenant of good faith regarding the reinstatement term of the settlement agreement, it is the appellant's burden to show that the agency's proven retaliatory/harassing actions, under the totality of the circumstances, amounted to an unjustified and substantial deprivation of rights connected to an incumbent of the position in question. *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 7 (2012); *Kuykendall v. Department of Veterans Affairs,* 68 M.S.P.R. 314, 324-25 (1995). A mere showing of some frictions, misunderstandings, or unpleasantness between the appellant and management or other employees is insufficient to meet this burden. *Stasiuk*, 118 M.S.P.R. 1, ¶ 7.

¶8        The administrative judge considered the affidavits submitted by the appellant, and accepted the allegations therein as true. RCID at 8. However, she found that the incidents between the appellant and S.B. amounted to "friction and unpleasantness," but did not rise to the level of an unjustified and substantial deprivation of the appellant's rights as an incumbent of his part-time Store Associate position. RCID at 8. On review, the appellant merely discusses evidence that was already considered by the administrative judge below. *See* RCPFR File, Tab 1 at 8-12, Tab 4 at 5-7; RCID at 8. The appellant's assertions on review constitute mere disagreement with the administrative judge's well-reasoned finding that, under the applicable legal standard, the appellant failed to establish bad faith noncompliance with the reinstatement term of the settlement agreement. *See* RCPFR File, Tab 1 at 8-12, Tab 4 at 5-7; RCID at 8.

Therefore, they fail to provide a basis for disturbing the initial decision.[7] *See Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 13 (2014) (finding that an appellant's mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision); *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 29 (2014) (same); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

---

[7] We have further considered the appellant's arguments on review that his coworkers made generalized assertions that S.B. treated him unprofessionally and unjustly, and harassed him in an unspecified manner. RPFR File, Tab 1 at 10-11; RCF, Tab 7 at 20, 24, Tab 9 at 9. We find that such generalized allegations are insufficient to meet the appellant's burden of establishing bad faith noncompliance with the reinstatement term of the settlement agreement. *See Timberlake v. U.S. Postal Service*, 79 M.S.P.R. 520, 524-25 (1998) (finding that an appellant failed to meet his burden of establishing bad faith noncompliance with a settlement agreement where he failed to set forth any specific acts the agency allegedly committed in connection with his claim of harassment).

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.